UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Martin Jankowski,

                Plaintiff,

–v–

Eric M. Taylor Center, *et al.*,

                Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 2 5 2015

14-CV-7434 (AJN)

MEMORANDUM
& ORDER

ALISON J. NATHAN, District Judge:

    On February 19, 2015, Defendant C.O. Frizzotti filed a motion to dismiss. Dkt. No. 11. Although Plaintiff Martin Jankowski was granted an extended amount of time to oppose that motion to dismiss, he failed to file an opposition, despite an express warning that such failure to file an opposition or any communication with the Court may result in dismissal of this case. Dkt. Nos. 14-15. Because Plaintiff still has not indicated a willingness to participate in this action, the Court hereby dismisses the action for failure to prosecute.

**I.    BACKGROUND**

    On September 12, 2014, Plaintiff filed a complaint against the Eric M. Taylor Center on Rikers Island, C.O. Frizzotti, and Corizon asserting claims for damages under 42 U.S.C. § 1983. Dkt. No. 1. In his Complaint, Plaintiff expressly asked the Court to "please send all legal mail to: 15 Allison Place, Staten Island, NY 10306." Dkt. No. 1 at 3.

    Following a review of Plaintiff's Complaint, the Court dismissed Plaintiff's claims against the Eric M. Taylor Center because it is not a "person" for purposes of § 1983. Dkt. No. 6 at 2 (citing *Reynolds v. Darrah*, No. 11-CV-5885, 2011 U.S. Dist. LEXIS 1136211, at *2-3 (S.D.N.Y. Sept. 30, 2011)). But the Court issued an Order of Service as to the remaining Defendants. Dkt. No. 6.

1

In that October 21, 2014 Order of Service, the Court directed the Clerk of Court to send Plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Corizon. Dkt. No. 6 at 2. The Court further informed Plaintiff that he was to complete a USM-285 form and return that form to the Court or request a summons for Defendant Corizon within 30 days of the Court's October 21, 2014 Order. Dkt. No. 6 at 2. The Order of Service warned Plaintiff that "[i]f within thirty days, Plaintiff has not returned the USM-285 form or requested a summons, under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss Plaintiff's claims against Defendant Corizon for failure to prosecute." Dkt. No. 6 at 2. The following day, the Clerk of Court sent the USM-285 form to Plaintiff at the address provided in his Complaint. *See* minute entry for October 22, 2014. The Court also mailed a copy of the Order of Service to Plaintiff at the address provided in his Complaint. *See* minute entry for October 23, 2014. Plaintiff never returned the USM-285 or requested a summons with respect to Corizon.

The Court also directed the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of the October 21, 2014 Order, and it requested that Defendant Frizzotti waive service of summons. Dkt. No. 6 at 3. On November 20, 2014, Defendant Frizzotti filed a waiver of service of summons. Dkt. No. 7.

On February 19, 2015, Defendant Frizzotti filed a motion to dismiss. Dkt. No. 11. On February 23, 2015, the Court issued an Order informing Plaintiff that Defendant Frizzotti had moved to dismiss his Complaint. Dkt. No. 14. The Court informed Plaintiff that, under the Federal Rules of Civil Procedure, he normally would have 21 days after the service of the motion to amend his Complaint once as a matter of course. Dkt. No. 14 at 1. Since Plaintiff was proceeding *pro se*, however, the Court granted him additional time to amend his Complaint, giving him until March 19, 2015. Dkt. No. 14 at 1. The Court further informed Plaintiff that if he did not file an amended complaint, he was to serve his opposition to Defendant's motion to dismiss by March 19, 2015. Dkt. No. 14 at 1.

March 19, 2015 came and went with no communication from Plaintiff. On April 2, 2015, the Court issued an Order summarizing its February 23, 2015 Order and informing Plaintiff that he had until May 1, 2015 to submit a letter to the Court indicating if he wishes to file an opposition to the motion to dismiss or does not wish to file an opposition to the motion. Dkt. No. 15. The Court further informed Plaintiff that if he "indicates in his letter that he will not file an opposition brief, the Court will deem the motion fully submitted and will consider its merits. If [he] indicates in his letter that he intends to file an opposition brief and is seeking an extension of the deadline to file an opposition, [he] must demonstrate in his letter that his pursuit of the action has been diligent and that there is good reason for extending the deadline." Dkt. No. 15 at 1. Finally, the Court expressly informed Plaintiff that "[f]ailure to submit any letter to the Court by May 1, 2015 shall result in DISMISSAL of the action for failure to prosecute." Dkt. No. 15 at 1 (citing Fed. R. Civ. P. 41(b); *Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 178 (2d Cir. 2008) ("[I]n light of [plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case.")).

As of June 23, 2015, the Court has not received any communication from Plaintiff. Indeed, since filing his Complaint, request to proceed *in forma pauperis*, and prison authorization form on September 12, 2014, Plaintiff has not responded to any communications from the Court and has not otherwise communicated with the Court. Moreover, although the mail sent to Plaintiff at the Eric M. Taylor Center was returned as undeliverable, no mail that was sent to the address provided in Plaintiff's Complaint has been returned. (All Court communications have been sent to the address provided in Plaintiff's Complaint since October 22, 2014.)

## II.   LEGAL STANDARD

"Rule 41(b) of the Federal Rules of Civil Procedure authorize the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). In addition, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after

3

notice the plaintiff—must dismiss the action without prejudice against that defendant or order that service made within a specified time." Fed. R. Civ. P. 4(m). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

### III. DISCUSSION

Applying the five factors set forth in *Baptiste*, the Court concludes that dismissal pursuant to Rule 41(b) for failure to prosecute is appropriate.

First, for more than eight months, Plaintiff has failed to comply with the Court's Order of Service dated October 21, 2014. Dkt. No. 6. For more than three months Plaintiff has failed to comply with the Court's February 19, 2015 Order, which even gave Plaintiff an additional amount of time to amend his Complaint or oppose Defendant's motion to dismiss. Dkt. No. 14. And for almost two months, Plaintiff has failed to comply with the Court's most recent Order directing Plaintiff to submit a letter to the Court regarding the pending motion by May 1, 2015. Dkt. No. 15. Thus, a significant amount of time has elapsed since the Court first directed Plaintiff to comply with its Order of Service in October 2014, and several months have passed since the Court directed Plaintiff to respond in some form to Defendant's pending motion to dismiss.

Second, as noted above, the Court's October 21, 2014 Order put Plaintiff on notice that failure to complete the USM-285 form or to request a summons with respect to Defendant Corizon could result in dismissal for failure to prosecute. Dkt. No. 6 at 2. In addition, the Court's Order dated April 2, 2015 put Plaintiff on notice that failure to submit by May 1, 2015

4

any letter to the Court regarding Defendant's motion to dismiss shall result in dismissal of his case. Dkt. No. 15 at 1.

Third, because this case is in its early stages, it appears that the prejudice to Defendant occasioned by further delay in the proceedings is relatively modest. Nonetheless, Defendant's motion to dismiss Plaintiff's Complaint has been pending since February 19, 2015—more than four months—without opposition or any communication regarding the motion. This Court endeavors to provide the parties appearing before it with prompt resolution of pending motions; to the extent possible, it aims to resolve all motions within the time frame encouraged by the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 476. *See U.S. East Telecomm. v. U.S. West Info. Sys.*, 15 F.3d 261, 263 (2d Cir. 1994) ("By a provision of the [CJRA], the Director of the Administrative Office of the United States Courts must report to the public, for each judicial officer and by case name, those motions that have been pending for more than six months"). Even if modest, Defendant is prejudiced by this ongoing delay in the proceedings and by the delay in resolving its pending motion.

Fourth, as noted above, this Court endeavors to resolve pending motions as quickly as possible and, consistent with the CJRA, to move cases along efficiently. The Court has provided Plaintiff with multiple opportunities to be heard, but Plaintiff has not so much as communicated with this Court since filing his Complaint. As other courts have noted, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Holcombe v. Skupien*, No. 14-CV-1448 (PAC) (JLC), 2014 U.S. Dist. LEXIS 170143, at *8-9 (S.D.N.Y. Dec. 5, 2014) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 U.S. Dist. LEXIS 9791, at *7 (S.D.N.Y. July 17, 2000)).

Fifth, the usual sanction for failure to prosecute under Rule 41(b) is dismissal with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal u under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). However, "because the sanction of dismissal with prejudice 'has harsh consequences,'" the Second Circuit has "instructed that 'it

5

should be used only in extreme situations.'" *Baptiste*, 768 F.3d at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

The Court is unaware of how a lesser sanction than dismissal would prompt Plaintiff to comply with the Court's orders given that Plaintiff has not responded to the Court's orders or otherwise communicated an intention to participate in this case since filing his Complaint in September 2014—even after the Court provided an express warning that he faced dismissal if he did not submit a letter by May 1, 2015. *Melendez v. City of New York*, No. 12-cv-9241 (AJN), 2014 U.S. Dist. LEXIS 168859, at *8-9 (S.D.N.Y. Dec. 4, 2014). However, because this case does not present an "extreme situation," the Court will impose the lesser sanction of dismissal without prejudice. *Accord Holcombe*, 2014 U.S. Dist. LEXIS 170143, at *9 (recommending, in a case in which a prisoner failed to respond to the Court's orders and failed to provide a current address, that the appropriate sanction was a dismissal without prejudice).

## IV. CONCLUSION

For the reasons provided above, this case shall be dismissed without prejudice for failure to prosecute. This resolves Dkt. No. 11 and the Clerk of Court is directed to close this case. The Court further finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 25, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge